Lola A. PEYSER, Plaintiff,

v.

MEEHAN FUND, INC., Powdrell & Alexander, Inc. and Walworth Company, Defendants.

No. 66 Civ. 975.

United States District Court
S. D. New York.

Aug. 2, 1967.

See also D.C., 264 F.Supp. 1.

Morris J. Levy, New York City, for plaintiff.

Regan, Goldfarb, Powell & Quinn, by John J. Galgay, New York City, for defendants.

## OPINION

TYLER, District Judge.

Lola A. Peyser, a stockholder in Walworth Company, moves for summary judgment in this action commenced pursuant to the provisions of Sections 16(b) and 27 of the Securities Exchange Act of 1934, 48 Stat. 896, 902, as amended, 15 U.S.C. §§ 78p(b), 78aa (1964).

From the papers before me, it appears that, during 1963 and 1964, defendants Meehan Fund, Inc., and Powdrell & Alexander, Inc., were corporate "insiders" in terms of their holdings of Walworth Company stock. The transactions by defendant Meehan about which plaintiff complains occurred between October 14, 1963, and April 9, 1964, when Meehan purchased 60,000 shares of Walworth common stock and transferred 342,000 shares to General Waterworks Corporation in exchange for 23,940 shares of Waterwork's unissued $100 par value preferred stock. Defendant Powdrell's transactions followed the same general pattern in that between November 13, 1963, and April 9, 1964, Powdrell purchased 60,000 common shares of Walworth and transferred 320,000 shares to General Waterworks for 22,400 shares of Waterwork's unissued $100 par value preferred stock. In both of the exchanges described above, defendants gave up 14⅔ths shares of Walworth stock for each share of Waterworks stock received.

Plaintiff contends that the described exchanges resulted in short-swing profits which defendants Meehan and Powdrell

are obligated to pay to Walworth. Meehan and Powdrell urge that there is no showing that either one of them realized any profits and that, even if they did, the $25,000 paid to Walworth, prior to the commencement of this action, under the terms of a settlement agreement worked out between the defendants, including Walworth, represents a fair settlement which must be recognized as such and approved by this court. In their legal memorandum served in opposition to the motion, Meehan and Powdrell have moved for summary judgment in their favor.

In my view, neither plaintiff nor the two moving defendants are entitled to summary judgment because of the existence of a central undetermined question of fact. Specifically, it is apparent from the papers that no party to this suit is able to establish the value of Waterworks stock which defendants Meehan and Powdrell received in the exchanges heretofore described. For purposes of valuation, plaintiff adopts and urges the par value of $100 per share. Meehan and Powdrell apparently paid Walworth the settlement of $25,000 on the basis of a $95 per share valuation. In addition, there is evidence before the court that, during settlement negotiations among defendants, two investment banking houses furnished widely disparate opinions as to the value of the stock.

From what has already been said, it is apparent that valuation is an important fact issue which, so far as I can determine from the present record, can only be resolved by a plenary trial. None of the contending parties can seriously maintain that any of the conflicting valuations are binding upon this court without a full hearing of the issue. It follows that there is no satisfactory method on the present record to measure whether or not short-swing profits in the amount contended for by plaintiff were realized, particularly inasmuch as Meehan and Powdrell, although admitting their settlement with Walworth, still stoutly contend that no such profits were realized at all.

Thus, the interesting and, as far as I know, judicially unresolved questions relating to the fairness and validity of the $25,000 settlement payment to Walworth cannot be decided on these motions. Two earlier cases serve to introduce this legal issue or issues. In Blau v. Hodgkinson, 100 F.Supp. 361, at 371 (S.D.N.Y.1951), Judge Leibell observed that

> "where the settlement is made with the corporation direct, * * * the settlor must run the risk of any very detrimental 'mistakes' made in determining the amount of his liability."

In Pappas v. Moss, 257 F.Supp. 345 (D. N.J.1966), Judge Wortendyke cited *Hodgkinson* in commenting that "to sustain a settlement for an amount which would be substantially less than the amount recoverable under the statute would be against public policy." 257 F. Supp. at 366 n. 10.

On the basis of these statements, plaintiff's counsel argues that where a settlement is effected between the issuer and Section 16 "insider" for any sum less than the entire amount of the latter's statutory liability under Section 16(b), such a private settlement is no defense to a subsequent action by a stockholder for the recovery of all short-swing profits realized by the insider. Defendants counter with the arguments that the inclusion in the above quotations of the qualifying terms "very detrimental" and "substantially less" indicates that such a settlement can be set aside only if it is unreasonable and that the settlement in the instant case is obviously reasonable. Mere recitation of these arguments, however, points up the necessity, heretofore indicated, of a careful determination of the factual issue of value before such arguments can be appraised.

Summary judgment as demanded by plaintiff and defendants is denied in all respects. It is so ordered.